Brian M. Rothschild, USB #15316
Grace S. Pusavat, USB #15713
Michael R. Brown, USB #16007
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone:  801.532.1234
Facsimile:  801.536.6111
BRothschild@parsonsbehle.com
GPusavat@parsonsbehle.com
MBrown@parsonsbehle.com
ecf@parsonsbehle.com

*Proposed Attorneys for Sugarloaf Holdings*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>SUGARLOAF HOLDINGS, LLC.<br><br>     Debtor. | Case No. 18-bk-27705<br><br>Chapter 11 |

### DECLARATION OF DAVID J. GRAY IN SUPPORT OF DEBTOR'S APPLICATION FOR INTERIM AND FINAL ORDERS AUTHORIZING THE EMPLOYMENT AND RETENTION OF PARSONS BEHLE & LATIMER AS ATTORNEYS FOR THE DEBTOR

I, DAVID J. GRAY declare as follows:

1. I am the Manager of Sugarloaf Holdings, LLC, the debtor in possession ("**Sugarloaf**" or the "**Debtor**") in the above-captioned Chapter 11 case.

2. I am over the age of 18 and competent to testify as to the matters set forth herein. The facts set forth herein are based upon my personal knowledge.

3. I submit this Declaration in support of the Application of Debtor Sugarloaf, Inc. (the "**Debtor**" or "**Sugarloaf**") for an Order Authorizing the Employment and Retention of

4832-4422-2067v1

Parsons Behle & Latimer as Attorneys for the Debtor (the "**Application**"), filed concurrently herewith, and to make certain disclosures as required under Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "**Rules**").

4.      The Debtor seeks to retain Parsons Behle & Latimer ("**Parsons Behle**") or the "**Firm**") as counsel in this case.  The Debtor considered retaining other counsel with similar capabilities to represent it in the chapter 11 case.  But the Debtor chose Parsons Behle for its sophisticated chapter 11 bankruptcy practice and considerable experience before the Bankruptcy Court for the District of Utah where the chapter 11 case is pending.  After careful consideration, the Debtor selected Parsons Behle as an appropriate professional to employ in this situation.

5.      Prior to filing its retention application and this declaration, Parsons Behle provided me with drafts of the application, the supporting Declaration of Brian M. Rothschild (the "**Rothschild Declaration**"), and the Engagement Agreement attached as Exhibit C to the Application (the "**Engagement Agreement**").  I have reviewed the terms of the Engagement Agreement and understand the procedures by which Parsons will apply for and be paid compensation and reimbursement in the chapter 11 case in accordance with the Guidelines promulgated by the U.S. Trustee.

6.      Parsons Behle and the Debtor anticipate that most, if not all, of the time in this bankruptcy case will be billed primarily by three lawyers:  Brian M. Rothschild, Grace S. Pusavat, and Michael R. Brown, whose billing rates and practice areas are as follows:

    a. Brian M. Rothschild (Shareholder/Bankruptcy); $295.00 per hour;

    b. Grace S. Pusavat (Associate/Bankruptcy and Litigation): $240.00 per hour.

    c. Michael R. Brown (Associate/Bankruptcy and Litigation): $230.00 per hour

2

7. The Debtor will review and approve the bills submitted by Parsons Behle, including time entries and requests for reimbursement of expenses to ensure that the rates charged and time submitted are reasonable considering the work performed.

8. The Debtor further understands that it is applying for specialized compensation procedures in this case as follows:

   a. Parsons Behle may prepare a monthly billing statement describing the services provided and the fees and costs incurred (the "**Monthly Statement**") during the prior month (the "**Compensation Period**"), and provide its Monthly Statement to (i) the Debtor; (ii) the Office of the United States Trustee for the District of Utah; and (iii) the Official Committee of Unsecured Creditors, if any, appointed in this Case (collectively, the "**Notice Parties**").

   b. At the expiration of the 14-calendar day period (with no extra days for mailing), the Debtor will promptly pay 100% of the expenses and 80% of the fees that Parsons Behle requested in the Monthly Statement, except such fees or expenses as to which an objection has been served as provided in the following paragraph.

   c. If any of the Notice Parties has an objection to the compensation or reimbursement sought in a particular Monthly Statement, that party must serve Parsons Behle and the other Notice Parties, so as to ensure receipt within 14 days of the mailing date of the particular Monthly Statement, a written "Notice of Objection to Fee Statement" setting forth the specific objection and the dollar amount in dispute. The objecting party and Parsons Behle shall seek to resolve the objection informally.

3

    d. If the parties are unable to reach an agreement on the amount to be paid within one week of receipt of the objection, the objecting party must within three (3) business days file its objection with the Court and serve it upon Parsons Behle and the Notice Parties whereupon the Court will consider and determine the objection under section 331 of the Bankruptcy Code.

    e. If no timely objection is filed with the Court, the Debtors will promptly pay 100% of the expenses and 80% of the fees that Parsons Behle requested in the Monthly Statement.

    f. Parsons Behle may periodically file applications for interim Court approval and allowance of compensation under 11 U.S.C § 331 (the "**Interim Fee Applications**"). Upon the approval of an Interim Fee Application by the Court, Parsons Behle shall be entitled to be paid 100 percent of the fees and expenses in all prior monthly statements.

    g. Neither the payment of, nor the failure to pay, in whole or in part, compensation and reimbursement as provided in these procedures, will bind any party in interest or this Court with respect to any Monthly Statement with respect to the final allowance of compensation and reimbursement of Parsons Behle in accordance with the foregoing procedures.

4832-4422-2067v1

9.  In addition, Parsons Behle will file applications for compensation in accordance with the guidelines promulgated by the U.S. Trustee, the Bankruptcy Code, and any compensation procedures approved by the Court, which will enable the Court, the U.S. Trustee, and other interested parties to review and object to the fees.

*I, David J. Gray, hereby declare, under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.*

DATED this __5__ day of October, 2018.

*David J. Gray*
Manager
Sugarloaf Holdings, LLC