Brian M. Rothschild, USB #15316
Grace S. Pusavat, USB #15713
Michael R. Brown, USB #16007
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
BRothschild@parsonsbehle.com
GPusavat@parsonsbehle.com
MBrown@parsonsbehle.com
ecf@parsonsbehle.com

*Proposed Attorneys for Sugarloaf Holdings*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| In re: | Case No. 18-bk-27705 |
|---|---|
| SUGARLOAF HOLDINGS, LLC. | Chapter 11 |
| Debtor. | Judge Kevin R. Anderson |

**DECLARATION OF BRIAN M. ROTSCHILD IN
SUPPORT OF DEBTOR'S APPLICATION FOR INTERIM
AND FINAL ORDERS AUTHORIZING THE
EMPLOYMENT AND RETENTION OF PARSONS
BEHLE & LATIMER AS ATTORNEYS FOR THE
DEBTOR AND FOR APPROVAL OF COMPENSATION
PROCEDURES**

I, Brian M. Rothschild, declare as follows:

1.  I am an attorney at law licensed in good standing in the States of Utah, Idaho, and California and I am a shareholder of the law firm of Parsons Behle & Latimer ("**Parsons Behle**" or the "**Firm**").

4844-8547-3907v1

2. I am over the age of 18 and competent to testify as to the matters set forth herein. The facts set forth herein are based upon my personal knowledge or upon client/matter records of Parsons Behle reviewed by me or by an employee of Parsons Behle acting under my supervision and direction.

3. I submit this Declaration in support of the Application of Debtor Sugarloaf, Inc. (the "**Debtor**" or "**Sugarloaf**") for an Order Authorizing the Employment and Retention of Parsons Behle & Latimer as Attorneys for the Debtor (the "**Application**"), filed concurrently herewith, and to make certain disclosures required under Rule 2014 of the Federal Rules of Bankruptcy Procedure.

4. Parsons Behle maintains its principal offices at One Utah Center, 201 South Main Street, Suite 1800, Salt Lake City, Utah 84111. The Firm currently employs approximately 155 attorneys in Salt Lake City and Lehi, Utah; Reno and Elko, Nevada; Boise and Idaho Falls, Idaho; and Washington, D.C. Parsons Behle attorneys have represented debtors, creditors, official committees, and other stakeholders in numerous bankruptcy cases nationwide and across a wide range of industries.

5. I earned a J.D. from the University of Southern California Gould School of Law (Order of the Coif). Prior to joining Parsons Behle in 2014, I was an associate in the Financial Restructuring group in the international AmLaw 100 firm Akin Gump Strauss Hauer & Feld LLP in Los Angeles, California, and also an associate at the highly respected bankruptcy boutique Peitzman Weg LLP in Los Angeles, California. I have represented chapter 11 debtors, official and ad hoc committees of creditors and equity holders, and other parties in interest in chapter 11 proceedings in bankruptcy courts across the country.

6. Grace S. Pusavat is an associate in Parsons Behle's Litigation and Bankruptcy Practice Groups. Ms. Pusavat is a 2015 graduate of the J. Reuben Clark Law School at Brigham Young University.

7. Michael R. Brown is an associate in Parsons Behle's Litigation and Bankruptcy Practice Groups. Mr. Brown is a 2016 graduate of the S.J. Quinney College of Law at the University of Utah. Prior to joining Parsons Behle, Mr. Brown served as law clerk to the Honorable Joel T. Marker, United States Bankruptcy Judge for the District of Utah.

A.  **Disinterestedness of Parsons Behle Under Bankruptcy Rule 2014.**

8. In connection with my responsibilities under Rule 2014 of the Federal Rules of Bankruptcy Procedure, I caused the names of the Debtor's known creditors, the employees, third party contractors, utilities, and all other persons on the Debtor's mailing matrix to be run through the Firm's computerized conflict check system, and such names to be distributed by email to all attorneys at the firm for a standard conflict check.

9. For all "hits" I conducted or caused to be conducted additional research to determine the nature of the connection or representation involving such persons. I determined that Parsons Behle has no connections with the foregoing parties except as follows:

| Person/Entity | Connection to Sugarloaf | Connection to Parsons Behle |
| --- | --- | --- |
| Utah Department of Transportation | Adverse Party in Water Right Litigation | Parsons Behle does unrelated work for Utah Department of Transportation (UDOT) in the areas of eminent domain, permitting, and real estate<br>Parsons Behle received a written waiver from UDOT and Sugarloaf to represent Sugarloaf in the chapter 11 case |
| Flowell Electric Association, Inc | Utility, creditor, and debtor (holds deposit) | Parsons Behle represents Intermountain Power Agency (IPA) in various unrelated matters. IPA sits on electrical cooperative boards that include Flowell. |

3

| **Person/Entity** | **Connection to Sugarloaf** | **Connection to Parsons Behle** |
|---|---|---|
|  |  |  |

10. Based upon this procedure and other information obtained by me, I believe to the best of my knowledge that neither I, nor any attorney at Parsons Behle, provided services to the Debtor prior to providing services in connection with the preparation and filing of the Debtor's chapter 11 case. Parsons Behle does not represent any employee, officer, or owner of the Debtor, including any member, officer, or manager of the Debtor.

11. On or about October 1, 2018, Sugarloaf contacted Parsons Behle to seek advice regarding a possible chapter 11 bankruptcy. On October 1, 2018, Sugarloaf hired Parsons Behle to prepare its chapter 11 case for filing, and wired a payment of $35,000.00 to Parsons Behle, which, under the Engagement Agreement, a true and correct copy of which is attached as Exhibit C to the Application, is Parsons Behle's flat fee for preparing and filing the Case. Since that time, Parsons Behle's attorneys, paralegals, and other professionals have diligently prepared the filings for this Case and advised the client on related issues. Neither I nor Parsons Behle has a prepetition claim against the Debtor.

12. On October 1, 2018, the Debtor and Parsons Behle signed the Engagement Letter (attached as Exhibit C to the Application) for services prior to and during the chapter 11 case, subject to Court approval of this retention for post-petition services.

13. To the best of my knowledge, neither Parsons Behle nor I have an interest materially adverse to the Debtor, and Parsons Behle is a disinterested person within the meaning of 11 U.S.C. § 101. Neither I, Parsons Behle, nor any shareholders or associates thereof, insofar as I have been able to ascertain, have any connection with parties in interest with respect to the Debtor, except as described above.

4844-8547-3907v1

14. I will continue to monitor the Firm's and my own connections with parties in interest and our disinterestedness. If and when any other connections or issues pertaining to disinterestedness come to my attention, I will promptly supplement this declaration as required by Bankruptcy Rule 2014. In my opinion, the representations and connections described herein do not constitute an interest materially adverse to the Debtor.

15. I do not have any connection with the Debtor. I have not in the past, and I do not plan in the future, to be employed by the Debtor, any related Debtor or any insiders of the Debtor.

16. The current hourly rates charged by Parsons Behle for professionals and paraprofessionals employed in its offices are provided below:

| Billing Category | Range |
|---|---|
| Shareholders | $275 - $500 |
| Special Counsel and Counsel | $295 - $450 |
| Associates | $195 - $265 |
| Paraprofessionals | $110 - $155 |

17. These hourly rates are subject to periodic adjustments (typically in January of each year) to reflect economic and other conditions. Parsons Behle's professionals have and will continue to charge the same rates that they ordinarily charge to other clients of the Firm without variation. No agreements were made for variations to Parsons Behle's customary billing rates. None of Parsons Behle's professionals included in this engagement vary their rate based on geographic location.

18. I anticipate that most of the time in this bankruptcy case will be billed primarily by Brian M. Rothschild (bankruptcy), myself, Grace S. Pusavat (bankruptcy/litigation), and Michael R. Brown (bankruptcy/litigation). Our billing rates are as follows:

   a. Brian M. Rothschild (Shareholder); $295.00 per hour;

   b. Grace S. Pusavat (Associate): $240.00 per hour.

   c. Michael R. Brown (Associate): $230.00 per hour

5

Senior bankruptcy partners, including Bruce H. White and J. Thomas Beckett may be consulted on an as-needed basis at their customary rates. In addition to the lawyers named above, it may be necessary for other Parsons Behle professionals in other legal disciplines to provide services to the Debtor during the course of the case.

19. Parsons Behle maintains detailed records of actual and necessary costs and expenses incurred in connection with the legal services described above. Parsons Behle further understands that the Debtor is applying for specialized compensation procedures in this case as follows:

   a. Parsons Behle may prepare a monthly billing statement describing the services provided and the fees and costs incurred (the "**Monthly Statement**") during the prior month (the "**Compensation Period**"), and provide its Monthly Statement to (i) the Debtor; (ii) the Office of the United States Trustee for the District of Utah; and (iii) the Official Committee of Unsecured Creditors, if any, appointed in this Case (collectively, the "**Notice Parties**").

   b. At the expiration of the 14-calendar day period (with no extra days for mailing), the Debtor will promptly pay 100% of the expenses and 80% of the fees that Parsons Behle requested in the Monthly Statement, except such fees or expenses as to which an objection has been served as provided in the following paragraph.

   c. If any of the Notice Parties has an objection to the compensation or reimbursement sought in a particular Monthly Statement, that party must serve Parsons Behle and the other Notice Parties, so as to ensure receipt within 14 days of the mailing date of the particular Monthly Statement, a

6

written "Notice of Objection to Fee Statement" setting forth the specific objection and the dollar amount in dispute. The objecting party and Parsons Behle shall seek to resolve the objection informally.

d. If the parties are unable to reach an agreement on the amount to be paid within one week of receipt of the objection, the objecting party must within three (3) business days file its objection with the Court and serve it upon Parsons Behle and the Notice Parties whereupon the Court will consider and determine the objection under section 331 of the Bankruptcy Code.

e. If no timely objection is filed with the Court, the Debtors will promptly pay 100% of the expenses and 80% of the fees that Parsons Behle requested in the Monthly Statement.

f. Parsons Behle may periodically file applications for interim Court approval and allowance of compensation under 11 U.S.C § 331 (the "**Interim Fee Applications**"). Upon the approval of an Interim Fee Application by the Court, Parsons Behle shall be entitled to be paid 100 percent of the fees and expenses in all prior monthly statements.

g. Neither the payment of, nor the failure to pay, in whole or in part, compensation and reimbursement as provided in these procedures, will bind any party in interest or this Court with respect to any Monthly Statement with respect to the final allowance of compensation and reimbursement of Parsons Behle in accordance with the foregoing procedures.

Parsons Behle hereafter intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the above compensation procedures and the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the local rules and orders

4844-8547-3907v1

of this Court (the "**Local Rules**") for all services performed and expenses incurred on behalf of the Debtor.

20. No promises have been solicited or received by Parsons Behle or any of its employees as to any payment or compensation in connection with these cases other than in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. Parsons Behle has no agreement with any other entity to share with such entity any compensation received by Parsons Behle.

*I, Brian M. Rothschild, hereby declare, under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.*

DATED this 15th day of October, 2018.

/s/ Brian M. Rothschild
Brian M. Rothschild