**This order is SIGNED.**

**Dated: October 22, 2018**



KEVIN R. ANDERSON
U.S. Bankruptcy Judge

---

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| In re: | Case No. 18-bk-27705 |
|---|---|
| SUGARLOAF, LLC. | Chapter 11 |
| Debtor, | Judge Kevin R. Anderson |

**ORDER GRANTING, ON AN INTERIM BASIS,
DEBTOR'S MOTION FOR AN ORDER
(1) AUTHORIZING BUT NOT REQUIRING THE
DEBTOR TO PAY UTILITY PROVIDERS,
(2) DETERMINING AND APPROVING ADEQUATE
ASSURANCE OF PAYMENT FOR FUTURE UTILITY
SERVICES, (3) PROHIBITING UTILITY PROVIDERS
FROM DISCONNECTING OR REFUSING TO PROVIDE
SERVICE, AND (4) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[1] filed by the above-captioned debtor and debtor-in-possession (the "**Debtor**") under Section 105 and 366 of Title 11 of the United States Code (the "**Bankruptcy Code**") for entry of interim and final orders (the "**Interim Order**" and "**Final Order**," respectively) (1) authorizing but not requiring the Debtor to continue to pay pre-petition utility providers, (2) determining and approving adequate assurance of payment for future utility service, (3) prohibiting utility providers from disconnecting or refusing to provide utility service to the Debtor, and (4) granting related relief; all as more fully described in the Motion; and the

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

4839-2249-3305v1

Court, having reviewed the Motion and having heard the statements of counsel in support of the relief requested in the Motion at the hearing before the Court (the "**Hearing**"), finds that the Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334, that this is a core matter under 28 U.S.C. § 157(b)(2), that notice of the Motion and the Hearing were sufficient under the circumstances and that no further notice need be given; and the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein and that such relief is necessary to avoid immediate and irreparable harm to the Debtor's estate,

THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED on an interim basis to the extent provided herein pending the hearing on the Final Order granting the Motion.

2. Utility Providers are hereby prohibited on an interim basis pending the final hearing from disconnecting, discontinuing, preventing access or refusing to provide utility services to the Debtor.

3. Any objection to the Motion must be filed in the Court and served on counsel to the Debtor so that such objection is received no later than **November 2, 2018 at 5:00 p.m. (Prevailing Utah Time)** (the "**Objection Deadline**"). If any party in interest files an objection, the Court will hold a hearing on the relief sought in the Motion on a final basis on **November 20, 2018 at 10:00 a.m. (Prevailing Utah Time)** (the "**Final Hearing**") at the United States Bankruptcy Court, Judge Kevin R. Anderson, U.S. Courthouse, 350 South Main Street, Courtroom 376, Salt Lake City, Utah 84101. If no objections are filed to the Motion, this Court may enter a Final Order on the Motion without holding the Final Hearing.

4. Entry of this Interim Order is without prejudice to the rights of any party in interest to interpose an objection to the Motion, and any such objection will be considered on a *de novo* basis at the final hearing.

5. In the interim, the Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Interim Order.

6. The Debtor is authorized but not required to continue to pay Utility Providers in the ordinary course of its business including, in its business judgment, on account of amounts due from the pre-petition period.

7. The Debtor are hereby authorized, but not required, to pay the Adequate Assurance Deposit to Utility Providers that request the Adequate Assurance Deposit as provided in the following procedures (the "**Adequate Assurance Procedures**"), which are approved in their entirety on an interim basis pending the final hearing:

(a) The Debtor will mail a notice of the hearing date and a copy of this motion to the Utility Providers on the Utility Service List so that notice of this Motion is received within 21 days of the Final Hearing.

(b) If a Utility Provider is not satisfied with the Proposed Adequate Assurance and seeks additional assurance of payment in the form of deposits, prepayments, or otherwise, it must serve a request (an "**Additional Assurance Request**") upon (i) proposed counsel for the Debtor, Parsons Behle & Latimer, 201 S. Main Street, Suite 1800, Salt Lake City, Utah, 84111, Attn: Brian Rothschild (ii) the Office of the United States Trustee for the District of Utah, 405 South Main Street, Suite 300, Salt Lake City, Utah 84111, and (iii) the official committee of unsecured creditors, if any, formed in this Case (collectively, the "**Notice Parties**").

(c) Any Additional Assurance Request must (i) be made in writing, (ii) set forth the location(s) for which utility services are provided, (iii) include a summary of the Debtor's payment history relevant to the affected account(s), including any security deposits, (iv) certify the amount that is equal to one month of utility service it provides to the Debtor, calculated as a historical average over the past 12 months, and (v) explain why the Utility Provider believes the Debtor's Adequate Assurance Deposit is not sufficient adequate assurance of future payment.

(d) Upon the Debtor's receipt of any Additional Assurance Request at the addresses set forth in Subsection b. above, the Debtor shall have 14 days from the receipt of such Additional Assurance Request (the "**Resolution Period**") to negotiate with such Utility Provider to resolve such Utility Provider's request for additional assurance of payment.

(e) The Debtor may resolve any Additional Assurance Request by mutual agreement with the Utility Provider and without further order of the Court, and may, in

        connection with any such agreement, provide a Utility Provider with additional adequate assurance of future payment, including, without limitation, cash deposits, prepayments, and other forms of security, without further order of the Court if the Debtor believes such additional assurance is reasonable.

(f)     If the Debtor determines that the Additional Assurance Request is not reasonable and cannot reach an alternative resolution with the Utility Provider during the Resolution Period, the Debtor, during or immediately after the Resolution Period, will request a hearing before the Court to determine the adequacy of assurances of payment with respect to a particular Utility Provider (the "**Determination Hearing**") under Section 366(c)(3) of the Bankruptcy Code.

(g)     Pending resolution of any such Determination Hearing, the Utility Provider filing such Additional Assurance Request shall be prohibited from altering, refusing, or discontinuing service to the Debtor on account of unpaid charges for pre-petition services or on account of any objections to the Proposed Adequate Assurance.

(h)     With respect to any Utility Provider that received notice of the Motion at least 21 days before the Final Hearing, the Proposed Adequate Assurance shall be deemed adequate assurance of payment for any Utility Provider that does not make an Additional Assurance Request within 14 days prior to the Final Hearing and does not timely objection to the Motion.  With respect to any subsequently identified Utility Provider, the Proposed Adequate Assurance shall be deemed adequate assurance of payment for any Utility Provider that does not make an Additional Assurance Request within 21 days of receiving a copy of the Interim Order, Final Order, or the Motion.

(i)     The Utility Providers are forbidden to alter, refuse, or discontinue service on account of any pre-petition charges, or require additional assurance of payment other than the Proposed Adequate Assurance except through the Adequate Assurance Procedures.

8.     This Order applies to any subsequently identified Utility Provider, regardless of when each Utility Provider was added to the Utility Service List.

9.     The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the pre-petition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtor's designation of any particular check or electronic payment request as being approved by this Order.

4839-2249-3305v1

10. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

11. Rule 6003 of the Bankruptcy Rules has been satisfied to the extent applicable.

12. Notwithstanding Bankruptcy Rules 6004, 7062, or 9014, the terms and conditions of this Order shall be immediately effective upon its entry.

13. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**[END OF DOCUMENT]**

4839-2249-3305v1

# EXHIBIT A

## Utility Service List

| Vendor Name | Address | Service | Amount Due |
|---|---|---|---|
| ROCKY MOUNTAIN POWER | PO Box 26000 Portland, OR 97255 | Electric | $286.77 |
| FLOWELL ELECTRIC ASSOCIATION | 495 North 3200 West Fillmore, UT 84631 | Electric | Pre-paid deposit: $85,947.88<br><br>Currently due: $12,254.62 |
| HOLT WASTE | 210 W 300 N St. Fillmore, UT 84631 | Waste Disposal | $38/month |
| CARDWELL DISTRIBUTORS | 8137 South State Street Midvale, UT 84047 | Fueling Services | $3,332.47 |
| LAKE PHILGAS | 70 North 400 East Delta, UT 84624 | Propane Supplier | $925.52 |
| LBiSat | 10288 South Jordan Gateway Sandy, UT 84321 | Satellite Communication and Internet Provider | - |

4839-2249-3305v1

## DESIGNATION OF PARTIES TO RECEIVE NOTICE

Service of the foregoing **ORDER GRANTING, ON AN INTERIM BASIS, DEBTOR'S MOTION FOR AN ORDER (1) AUTHORIZING BUT NOT REQUIRING THE DEBTOR TO PAY UTILITY PROVIDERS, (2) DETERMINING AND APPROVING ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, (3) PROHIBITING UTILITY PROVIDERS FROM DISCONNECTING OR REFUSING TO PROVIDE SERVICE, AND (4) GRANTING RELATED RELIEF** shall be served to the parties and in the manner designated below:

By ECF with the Clerk of the Bankruptcy Court, which will send notice to:

- David P. Billings    dbillings@fabianvancott.com, jwinger@fabianvancott.com;mdewitt@fabianvancott.com
- Michael Ronald Brown    mbrown@parsonsbehle.com
- P. Matthew Cox    bankruptcy_pmc@scmlaw.com
- John T. Morgan tr    john.t.morgan@usdoj.gov, James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Suzanne.Verhaal@usdoj.gov
- Grace S. Pusavat    gpusavat@parsonsbehle.com
- Brian M. Rothschild    brothschild@parsonsbehle.com, ecf@parsonsbehle.com
- Gerald H. Suniville    gsuniville@fabianvancott.com, nnelson@fabianvancott.com
- United States Trustee    USTPRegion19.SK.ECF@usdoj.gov

Dated this 19th day of October, 2018.

                                        **PARSONS BEHLE & LATIMER**

                                        By: /s/ Michael R. Brown
                                            Michael R. Brown
                                            Attorneys for Sugarloaf Holdings, LLC