Brian M. Rothschild, USB #15316
Grace S. Pusavat, USB #15713
Michael R. Brown, USB #16007
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone:  801.532.1234
Facsimile:  801.536.6111
BRothschild@parsonsbehle.com
GPusavat@parsonsbehle.com
MBrown@parsonsbehle.com
ecf@parsonsbehle.com

*Attorneys for Sugarloaf Holdings, LLC*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re:<br><br>SUGARLOAF HOLDINGS, LLC,<br><br>Debtor. | Case No. 18-27705<br><br>Chapter 11<br><br>Judge Kevin R. Anderson |

**PLAN OF REORGANIZATION
UNDER CHAPTER 11 OF THE BANKRUPTCY
CODE OF SUGARLOAF HOLDINGS, LLC**

Sugarloaf Holdings, LLC ("**Sugarloaf"** or the "**Debtor**"), debtor and debtor in possession in the above-captioned chapter 11 case, by and through its counsel, hereby proposes its Plan of Reorganization (the "**Plan**") under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

**ARTICLE I
SUMMARY**

The Debtor has both secured and unsecured debt.  As of Petition Date, the Debtor had approximately $13,297,506 in secured debt obligations and $2,106,231 in general unsecured

claims. Bank of the West holds the largest secured claim, secured by a first-lien Deed of Trust on the Debtor's real property and a lien secured by the Debtor's accounts and personal property. The Debtor also has a secured debt obligation to AGCO Finance LLC, secured by certain specific assets purchased through such funding. The Debtor incurred unsecured trade debt for goods and services, suppliers, and independent contractors in the ordinary course of its business.

By the Plan the Debtor proposes to (a) pay its unclassified administrative priority claims in full; (b) pay Bank of the West in full over time under section 1129(b)(2)(A)(i) of the Bankruptcy Code; (c) pay in full over time its secured creditor, AgCo; (d) pay all general unsecured claims over time; and (e) voluntarily subordinate its insider general unsecured claim so that this claim will not receive any payment until all others are paid in full. The treatment of Claims and Equity Interests in each class is summarized as follows:

| Class | Type of Allowed Claim or Equity Interest | Impairment/Voting | Recovery/ Treatment |
|---|---|---|---|
| 1 | **First-lien secured: Bank of West** | Impaired<br>Entitled to Vote | • Pay in full<br>• Term 7 years<br>• Interest at 6%<br>• Annual payments on 25 year amortization schedule<br>• Retains Security Interests |
| 2 | **Secured Creditor: AgCo** | Impaired<br>Entitled to Vote | • Pay in full<br>• Term 5.5 years<br>• Interest at 6%<br>• Annual payments on 5.5 year amortization schedule<br>• Retains Security Interests |
| 3 | **All General Unsecured Claims** | Impaired<br>Entitled to Vote | • Pay in full<br>• Term 4 years<br>• Interest at Federal Judgment Rate<br>• Semiannual payments on 4 year amortization schedule |

| 4 | **Insider General Unsecured Claim** | Impaired Entitled to Vote but insider class | • Insider Claim<br>• Voluntarily subordinated<br>• No payments until all others are paid in full<br>• Will retain note |
|---|---|---|---|
| 5 | **Equity Interests in the Debtor** | Unimpaired Not entitled to vote | • Unaffected |

**All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding their precise treatment.** Because some classes are entitled to vote on the Plan, the Debtor will solicit acceptance of the Plan from holders of Claims entitled to vote. The Debtor will distribute a Disclosure Statement to all parties in interest upon approval by the Bankruptcy Court. The Debtor submits that the Disclosure Statement associated with this Plan contains adequate information for all parties in interest to make an informed judgment as to whether they will support or object to the Plan, including information regarding the risks associated with the Plan, and the rights of creditors and equity security holders hereunder.

**YOUR RIGHTS MAY BE AFFECTED. YOU SHOULD READ THESE PAPERS CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY, IF YOU HAVE ONE. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

## ARTICLE II
## DEFINITIONS

Capitalized words not otherwise defined in this Plan have the following meanings:

(1) *Administrative Expense Claim* means any Claim arising from the administration of the Debtor's chapter 11 case as provided in section 503 of the Bankruptcy Code that is entitled to priority under section 507(a)(1) of the Bankruptcy Code, including, without limitation, (a) fees and expenses of the Debtor's professionals Allowed pursuant to an Order of the Bankruptcy Court and (b) all fees and charges assessed against the Debtor's estate under 28 U.S.C. § 1930.

(2)　*Allowed* or *Allowance* means a Claim for which a Proof of Claim was filed by the applicable Claims Bar Date and (a) to which no objection was filed prior to 180 days after the Effective Date; (b) if an objection was filed prior to 180 days after the Effective Date, a Claim with respect to which the Bankruptcy Court has entered a final non-appealable order that such Claim is Allowed under section 502 of the Bankruptcy Code; or (c) any Claim otherwise Allowed by an order of the Bankruptcy Court under a final non-appealable order under section 502 of the Bankruptcy Code.

(3)　*Action* means any judicial, administrative or other action including, without limitation, all actions encompassed within section 362(a) of the Bankruptcy Code.

(4)　*Avoidance Action* means any Cause of Action arising or held by the Debtor's estate under sections 502, 510, 541, 544, 545, 547, 548, 549, 550 or 553 of the Bankruptcy Code, or under related state or federal statutes and common law, including fraudulent transfer laws.

(5)　*Bankruptcy Code* means title 11 of the United States Code as in effect on the Petition Date.

(6)　*Bankruptcy Court* means the United States Bankruptcy Court for the District of Utah.

(7)　*Cash* means lawful currency of the United States of America (including wire transfers, cashier's checks drawn on a bank insured by the Federal Deposit Insurance Corporation, certified checks and money orders).

(8)　*Causes of Action* means, without limitation, any and all actions, causes of action, defenses, liabilities, obligations, rights, suits, debts, sums of money, damages, judgments, claims or proceedings to recover money or property and demands of any nature whatsoever, whether known or unknown, in law, equity or otherwise, including, without limitation, Avoidance Actions, that are owned or held by the Debtor or its estate at any time.

(9)　*Sugarloaf* means Sugarloaf Holdings, LLC, the debtor and debtor in possession in Case No. 18-27705 pending in the Bankruptcy Court.

(10)　*Claim* has the meaning set forth in section 101(5) of the Bankruptcy Code.

(11)　*Claims Bar Date* means (a) April 15, 2019 for a Proof of Claim filed by a government unit, (2) 60 days after the Confirmation Date for all Administrative Expense Claims; and (3) February 13, 2019 for a Proof of Claim for all other Creditors and Claims.

(12)　*Confirmation Date* means the date that the Confirmation Order becomes a final, non-appealable order and on which no stay of the Confirmation Order is in effect.

4851-5260-9925v13

(13) **_Confirmation Order_** means the order entered by the Bankruptcy Court confirming the Plan.

(14) **_Debtor_** means Sugarloaf Holdings, LLC, whether before or after the Petition Date and whether before or after the Confirmation Date, the Effective Date, and any direct or indirect successor of Sugarloaf Holdings, LLC.

(15) **_Disallowed_** means a Claim for which either (a) the Bankruptcy Court has entered a final non-appealable order that such Claim is disallowed under section 502 of the Bankruptcy Code or (b) any Claim for which a Proof of Claim was not filed by the applicable Claims Bar Date.

(16) **_Disclosure Statement_** means the Disclosure Statement filed in support of this Plan, and any amendments thereto, as approved by the Bankruptcy Court, consistent with section 1125 of the Bankruptcy Code.

(17) **_Disputed_** means a Claim for which a Proof of Claim was filed prior to the applicable Claims Bar Date that has not been Allowed or Disallowed by a final non-appealable order and as to which the Debtor or another party in interest has filed an objection prior to the Effective Date.

(18) **_Effective Date_** means the first business day 14 days after the Confirmation Date or the first such day after such date that all conditions precedent to Confirmation are achieved.

(19) **_Equity Interest_** means the interest of any holder of any stock or membership interest in the Debtor and any and all options, warrants and rights, contractual or otherwise, to acquire any stock in the Debtor, as such interest exist immediately prior to the Effective Date.

(20) **_Executory Contract_** means the executory contracts and unexpired leases listed in Schedule G of the Debtor's Statement of Financial Affairs, located at docket # 28 of the above-captioned case.

(21) **_Petition Date_** means October 15, 2018.

(22) **_Plan Supplement_** means exhibits and other documents filed in support of this Plan, which are incorporated by reference where applicable in the Plan.

(23) **_Priority Claims_** means any and all Claims (or portions thereof), if any, entitled to priority under section 507(a) of the Bankruptcy Code other than Administrative Expense Claims and Priority Tax Claims.

(24) **_Priority Tax Claims_** means any Claim of a governmental unit entitled to priority under section 507(a)(8) of the Bankruptcy Code.

(25) **_Professional_** means those persons employed under an order of the Bankruptcy Court in accordance with sections 327 and 1103 of the Bankruptcy Code

5

and to be compensated for services under sections 327, 328, 329, 330, 331 or 503 of the Bankruptcy Code.

(26) ***Proof of Claim*** means a proof of claim filed with the Bankruptcy Court.

(27) ***Secured*** or ***Secured Claim*** means a Claim against the Debtor that is secured by an unavoidable Security Interest in the Debtor's property.

(28) ***Security Interest*** means a lien, pledge, right of setoff, or other security interest under the Utah Uniform Commercial Code or other applicable law.

(29) ***Unclassified Claim*** has the meaning set forth in Section 3.01 hereof.

(30) ***Unsecured*** means a Claim against the Debtor other than a Priority Claim or a Secured Claim.

(31) ***U.S. Trustee Fees*** means all fees required to be paid by 28 U.S.C. § 1930(a)(6) that accrue until the case is closed, dismissed, or converted to another chapter of the Bankruptcy Code.

## ARTICLE III
## UNCLASSIFIED CLAIMS

**Section 3.01 Unclassified Claims**

As provided in Section 1123(a)(1) of the Bankruptcy Code, Administrative Expense Claims and Priority Tax Claims are not classified for the purposes of voting on or receiving distributions under the Plan (the "**Unclassified Claims**"). All Unclassified Claims are instead treated separately in accordance with the terms in this Article.

(1) <u>General.</u> Except as otherwise agreed to by the Debtor and the holder of an Allowed Administrative Expense Claim, each such holder shall be paid in full in Cash on the later of (i) the date such Allowed Administrative Expense Claim becomes due in accordance with its terms, and (ii) the Effective Date. If the Debtor Disputes any portion of an Administrative Expense Claim, the Debtor shall pay the Allowed portion of such Claim in full in Cash within 30 days after the entry of a Final Order Allowing such Disputed Administrative Expense Claim.

(2) <u>U.S. Trustee's Fees.</u> All U.S. Trustee's Fees shall be paid in full without prior approval pursuant to 28 U.S.C. § 1930 on or before the Effective Date and continue to be timely paid until the case is closed, dismissed, or converted to another chapter of the Bankruptcy Code.

(3) <u>Professional Compensation and Expense Reimbursement Claims.</u>

Each estate professional shall file a final application for the allowance of compensation for services rendered and reimbursement of expenses incurred through and including the Confirmation Date on or before the applicable Claims Bar Date. Any award of such

6

4851-5260-9925v13

compensation or reimbursement granted by the Bankruptcy Court shall be paid (i) within fifteen days of the entry of the Final Order of the Bankruptcy Court approving such award, unless a stay is obtained, or (ii) upon such other terms as may be mutually agreed upon between such holder of an Allowed Administrative Expense Claim and the Debtor.

(b)    Priority Tax Claims.

Each holder of an Allowed Priority Tax Claim shall be paid either (i) upon such terms as may be agreed to between the Debtor and such holder of an Allowed Priority Tax Claim, (ii) in full in Cash on the later of the Effective Date or the date that such Allowed Priority Tax Claim would have been due if the chapter 11 case had not been commenced, or (iii) in regular annual installment payments over a period ending no later than 2 years after the Petition Date, in accordance with section 1129(a)(9)(C) of the Bankruptcy Code.

## ARTICLE IV
## CLASSIFICATION OF CLAIMS AND EQUITY INTERESTS

### Section 4.01  Class 1. Bank of the West Claims

Class 1 consists of Bank of the West's Secured Claim Secured by a first-priority Security Interest on the Debtor's real property, the Debtor's accounts, and personal property.

### Section 4.02  Class 2. AgCo Secured Claim

Class 2 consists of AgCo's Secured Claim Secured by a Security Interest on certain items of the Debtor's farm equipment.

### Section 4.03  Class 3. General Unsecured Claims

Class 3 consists of all General Unsecured Claims that are not Priority Claims or the Class 5 Insider Subordinated Unsecured Claim.

### Section 4.04  Class 4. Subordinated Insider Unsecured Claim.

Class 4 consists of the Claims held by Gray Holdings, Inc.

### Section 4.05  Class 5. Equity Interests.

Class 5 consists of all Equity Interests in the Debtor.

## ARTICLE V
## TREATMENT OF CLAIMS AND EQUITY INTERESTS UNDER THE PLAN

Claims and Equity Interests will be treated as follows under this Plan:

7

4851-5260-9925v13

**Section 5.01  Class 1. Bank of the West Claims.**

(a)  Treatment

Commencing after the Effective Date or the date on which the Bank of the West Claims become Allowed Claims, the Debtor will pay the Bank of the West Claims in full in Cash over 7 years with the first payment to be due November 15, 2019.  Payment will be made in equal annual installment payments of principal and interest using a customary mortgage-style amortization amortized over a 25 year period, computed with a simple interest rate of 6% per annum.  Bank of the West's Security Interest will pass through unaffected by the chapter 11 case and continue and be thereafter governed under applicable law.

(b)  Impairment

Class 1 is impaired.

(c)  Voting

Because Class 1 is impaired, it will be entitled to vote on the Plan.  If Class 1 does not vote for the Plan, the Debtor requests Confirmation under section 1129(b) of the Bankruptcy Code.

**Section 5.02  Class 2. AgCo Claims.**

(a)  Treatment

Commencing on the later of 30 days after the Effective Date or the date on which the AgCo Claims become Allowed Claims, the Debtor will pay the AgCo Claims in full in Cash over 5.5 years.  Payment will be made in equal annual installment payments of principal and interest using a customary mortgage-style amortization, computed with an interest rate of 6% simple interest per annum amortized over 5.5 years.  AgCo's Security Interest will pass through unaffected by the chapter 11 case and continue and be thereafter governed under applicable law.

(b)  Impairment

Class 2 is impaired.

(c)  Voting

Because Class 2 is impaired, it will be entitled to vote on the Plan.  If Class 2 does not vote for the Plan, the Debtor requests Confirmation under section 1129(b) of the Bankruptcy Code.

**Section 5.03  Class 3. General Unsecured Claims.**

(a)  Treatment

Commencing on the later of 30 days after the Effective Date or the date on which any given General Unsecured Claim becomes an Allowed General Unsecured Claim, the Debtor will

8

pay Allowed General Unsecured Claims in full with interest over 4 years. Payment will be made in equal semiannual installment payments of principal and interest using a customary mortgage-style amortization, computed with an Federal Judgment interest rate of 2.66% per annum, the Federal Judgment Rate in effect as of the Petition Date.

(b)     <u>Impairment</u>

Class 3 is impaired.

(c)     <u>Voting</u>

Because Class 3 is impaired, it will be entitled to vote on the Plan.  If Class 3 does not vote for the Plan, the Debtor requests confirmation under section 1129(b) of the Bankruptcy Code.

**Section 5.04  Class 4. Insider General Unsecured Claim.**

(a)     <u>Treatment</u>

The Insider General Unsecured Claim will be subordinated under section 510 of the Bankruptcy Code.  The Debtor will not make any distribution on account of the Insider General Unsecured Claim until all other Claims are paid in full.

(b)     <u>Impairment</u>

Class 4 is impaired.

(c)     <u>Voting</u>

Because Class 4 is impaired, it will be entitled to vote on the Plan.

**Section 5.05  Class 5. Equity Interests.**

(a)     <u>Treatment</u>

All holders of Equity Interests will be unaffected by the Plan and will continue to hold such Equity Interests in the Debtor after the Effective Date as before the Petition Date.

(b)     <u>Impairment</u>

Class 5 is unimpaired.

(c)     <u>Voting</u>

Because Class 5 is unimpaired, it is deemed to accept the Plan and will not be entitled to vote.

# ARTICLE VI
# DISPUTED CLAIMS

### Section 6.01  Objections to Disputed Claims

Any objections to Claims may be brought, if at all by the Debtor or any party in interest prior to 180 days after the Effective Date.

### Section 6.02  Estimation of Claims

The Debtor may, at any time, request that the Bankruptcy Court estimate any Disputed Claim under section 502(c) of the Bankruptcy Code, and the Bankruptcy Court shall have jurisdiction to estimate such Claim at any time, including, without limitation, during litigation concerning such Claim or an objection to such Claim.  The Debtor shall be entitled to request that the Bankruptcy Court determine either the Allowed amount of such Claim or a maximum limitation on such Claim.  If the Bankruptcy Court determines the maximum limitation of such Claim, such determination shall not preclude the Debtor from pursuing any additional proceedings to object to any ultimate payment of such Claim.  If the Bankruptcy Court determines the Allowed amount of such Claim, the amount so determined shall be deemed the amount of the Disputed Claim for all purposes under this Plan.  All such proceedings are cumulative and not exclusive remedies.

### Section 6.03  Delay of Distribution on Disputed Claims

No distribution will be made on account of any Disputed Claim unless and until such Claim is Allowed.

### Section 6.04  Settlement of Disputed Claims

Subject to Court approval under Rule 9019 of the Federal Rules of Bankruptcy Procedure, the Debtor will have the power and authority to settle and compromise any Disputed Claim either before and after the Effective Date; *provided*, *however*, that after the Effective Date, the Debtor may, in its sole and absolute discretion, agree to compromise any Disputed Claim by private agreement without the need for approval under Rule 9019 of the Federal Rules of Bankruptcy Procedure with the holder thereof if the amount to be paid under the terms of such settlement is less than $10,000.

# ARTICLE VII
# EXECUTORY CONTRACTS AND UNEXPIRED LEASES

### Section 7.01  Assumed Executory Contracts and Unexpired Leases

The Debtor assumes only the following executory contracts or unexpired leases effective on the Effective Date of this Plan, with the following cure amounts payable within 30 days of the Effective Date of this Plan:

| Name of Party | Executory Contract or Unexpired Lease | Cure Amount |
|---|---|---|
| Farm Credit Leasing Services Corporation | Unexpired Lease – 5 years remain | $65,535.63 |
| BLM Grazing Permit – Holden Winter Allotment 4304490 and 4303736 and Anderson Allotment 4303717 | Unexpired Lease – 20+ years remain | $0 |

The Debtor also submits that the Debtor's financial wherewithal as a going concern, including under and as set forth in the Disclosure Statement and to be proven with evidence at the Confirmation Hearing if requested, constitute adequate assurance of future performance.

**ANY NON-DEBTOR PARTY TO ANY EXECUTORY CONTRACT OBJECTING TO THE ABOVE CURE AMOUNTS OR ADEQUATE ASSURANCE OF FUTURE PERFORMANCE AND THE ASSUMPTION OF SUCH EXECUTORY CONTRACT OR UNEXPIRED LEASE MUST FILE AN OBJECTION IN THE BANKRUPTCY COURT AND SERVE IT ON THE DEBTOR PRIOR TO THE ENTRY OF THE CONFIRMATION ORDER.**

Any counterparty to the above executory contracts or unexpired leases who fails to file an objection to the proposed cure amounts, adequate assurance, or assumption prior to the entry of the Confirmation Order will be deemed to have accepted such cure amount in full satisfaction and cure of all defaults and other amounts due through and including the Effective Date, and will have no further claim against the Debtor therefor. Further such counterparties who fail to file an objection are deemed to accept the assumption of their executory contract or unexpired lease by the Debtor.

If any executory contract has been inadvertently left off of the above list of executory contracts to be assumed, the Debtor reserves its right to modify this Plan to assume any such executory contract, on appropriate notice to the counterparty to such contract, by filing an amended list of assumed executory contracts at any time up to and including the Effective Date.

### Section 7.02  Rejected Executory Contracts and Unexpired Leases

The Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases not expressly assumed under Section 7.01 above upon the Effective Date. A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than 10 days after the entry of the Confirmation Order, and such Claim will be Allowed or Disallowed as if the Proof of Claim had been filed prior to the applicable Claims Bar Date.

### ARTICLE VIII
### MEANS FOR IMPLEMENTATION OF THE PLAN

The Debtor will implement the Plan as follows:

### Section 8.01  Revesting of Assets of the Estate

On the Effective Date, all property of the Debtor's estate shall re-vest in the Debtor, including, without limitation, all real and personal property, all Causes of Action, interests, claims, rights under any contracts (executory or otherwise), against any person.

### Section 8.02  Specific Post-Confirmation Debtor's Preservation of Causes of Action

Specifically, the Debtor preserves and reserves its rights and hereby declare its intent to prosecute all Causes of Action and defenses whenever arising, whether arising from the pre-Petition Date or post-Petition Date periods, including, without limitation, all claims for lender liability or similar claims, unfair or deceptive business practice, fraud, fraud in the inducement, theft of trade secrets, misappropriation, duress, fraudulent transfer, avoidance, recharacterization, subordination, avoidance of liens and security interests, unjust enrichment, breach of contract, setoff, or otherwise., including, without limitation, claims against insiders, Bank of the West,

### Section 8.03  Continuation of Bankruptcy Code Anti-Discrimination Provisions

A governmental unit may not deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to, condition such a grant to, or discriminate with respect to such a grant against, the Debtor or another Person with whom the Debtor have been or are associated or affiliated, solely because of the commencement, continuation, or termination of the Bankruptcy Case or because of any provision of the Plan or the legal effect of the Plan, and the Confirmation Order will constitute an express injunction against any such discriminatory treatment by a governmental unit.

### Section 8.04  Injunction Against Pre-Petition Date Actions

Beginning on the Confirmation Date, and by effect of the Confirmation Order, all prepetition Actions will be enjoined, and the parties' rights thereunder will thereafter be governed by their treatment under Article V of this Plan and the Confirmation Order.  No person may commence or continue any Action against the Debtor arising from events occurring prior to the Petition Date, and all such liabilities therefor will be discharged under Article X of this Plan.

## ARTICLE IX
## MISCELLANEOUS AND GENERAL PROVISIONS

### Section 9.01  Definitions and Rules of Construction

Except as otherwise provided in this Plan, the definitions and rules of construction set forth in sections 101 and 102 of the Bankruptcy Code apply when terms defined or construed in the Bankruptcy Code are used in this Plan.

### Section 9.02  Severability

If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

4851-5260-9925v13

### Section 9.03  Default of Plan or Assumed or Reinstated Agreements

In the event of any default of the provisions of this Plan or any agreement entered into, assumed, or reinstated hereunder, a creditor or party in interest aggrieved by such default may provide written notice to the Debtor.  The notice of default must describe with specificity the nature of the default alleged and the steps required to cure such default.  The Debtor shall have thirty days after receipt of notice of default to cure such default.  If the Debtor does not cure such default within thirty days after receipt of a notice of default, then a creditor or party in interest aggrieved by such default may apply to the Bankruptcy Court to compel compliance with the applicable provisions of the Plan.  The Bankruptcy Court, after notice and a hearing, shall determine whether a default occurred, and if a default occurred, whether such default is material and whether it has been cured.  Upon finding a material uncured default, the Bankruptcy Court may issue such orders as may be appropriate, including an order compelling compliance with the pertinent provisions of the Plan.  Until the Bankruptcy Court issues an order determining that the Debtor is in default, the terms of this Plan shall govern.

### Section 9.04  Binding Effect

The rights, obligations, limitations, and injunctions of, for, or against any person or entity named or referred to in this Plan will be binding upon and will inure to the benefit of the successors or assigns of such person or entity.

### Section 9.05  Controlling Law

Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Utah govern this Plan and any agreements, documents, and instruments executed in connection with this Plan.

### Section 9.06  Retention of Bankruptcy Court Jurisdiction

The Bankruptcy Court will retain and have exclusive jurisdiction over any matter arising under the Bankruptcy Code arising in or related to the Debtor's chapter 11 case or the Plan, or that relates to any of the following:

(1)  consistent with Article VII, hereof, to resolve any matter related to the assumption or rejection of any executory contract or unexpired lease to which the Debtor is a party or with respect to which the Debtor may be liable and to hear and determine any Claim arising therefrom;

(2)  to enter such orders as may be necessary or appropriate to implement or consummate the provisions of the Plan;

(3)  to determine all motions, adversary proceedings, applications, and contested or litigated matters that may be pending on the Effective Date or that, pursuant to the Plan, may be instituted by the Debtor prior to or after the Effective Date;

(4)  to ensure that distributions to holders of Allowed Claims are accomplished as provided in the Plan;

(5) to hear and determine any timely objection to a Claim or Proof of Claim;

(6) to enter and implement such orders as may be appropriate in the event the Confirmation Order is for any reason stayed, revoked, modified, reversed, or vacated;

(7) to issue such orders in aid of execution of the Plan, to the extent authorized by section 1142 of the Bankruptcy Code;

(8) to consider any modification of the Plan, to cure any defect or omission, or reconcile any inconsistency in any order of the Bankruptcy Court, including the Confirmation Order, consistent with section 1127 of the Bankruptcy Code;

(9) to hear and determine all applications for awards of compensation for services rendered and reimbursement of expenses incurred by the Debtor's professionals;

(10) to determine any other matter that may arise in connection with or that is related to the Plan, or any contract, instrument, release, or other agreement or document created in connection herewith, unless such agreements or documents contain express enforcement or dispute resolution provisions, in which case, such provisions should govern;

(11) to hear and determine matters concerning state, local, and federal Taxes in accordance with sections 346, 505, and 1146 of the Bankruptcy Code (including, without limitation, any matter relating to tax refunds, and any request by the Debtor for an expedited determination of tax under section 505(b) of the Bankruptcy Code with respect to the Debtor;

(12) to hear any other matter or for any purpose specified in the Confirmation Order that is not inconsistent with the Bankruptcy Code; and

(13) to enter a final decree closing the chapter 11 case.

**Section 9.07  Corporate Governance**

On the Effective Date, the Debtor's corporate charter and membership agreement will be and hereby are amended to prohibit issuance of non-voting equity securities as set forth in section 1123(a)(6) of the Bankruptcy Code.

On or as soon as practical after the Effective Date, the Debtor may modify its corporate organization for any permissible purposes, including for tax efficiency, corporate governance, and other permissible purposes not inconsistent with this Plan.

**Section 9.08  Setoffs**

Except as otherwise provided in this Plan, nothing contained in this Plan shall constitute a waiver or release by the Debtor of any rights of setoff the Debtor may have against any person.

### Section 9.09  Amendment or Modification of Plan

The Debtor may alter, amend, or modify the Plan in writing or orally at any hearing, including the Confirmation Hearing, at any time prior to or on the Confirmation Date, provided that the Plan, as altered, amended or modified, satisfies the conditions of sections 1122 and 1123 of the Bankruptcy Code, and the Debtor shall have complied with section 1125 of the Bankruptcy Code.  The Plan may be altered, amended or modified at any time before or after the Confirmation Date and before substantial consummation, provided that the Plan, as altered, amended or modified, satisfies the requirements of sections 1122 and 1123 of the Bankruptcy Code and the Bankruptcy Court, after notice and a hearing, confirms the Plan, as altered, amended or modified, under section 1129 of the Bankruptcy Code.  A holder of a Claim that has accepted the Plan shall be deemed to have accepted the Plan, as altered, amended or modified, if the proposed alteration, amendment or modification does not materially and adversely change the treatment of the Claim of such holder.  The Debtor may, without notice to holders of Claims insofar as it does not materially and adversely affect the interests of any such holders, correct any defect or omission in this Plan and any exhibit hereto.

### Section 9.10  Post-Confirmation Fees, Final Decree

The Debtor shall be responsible for the payment of any post-confirmation fees due pursuant to 28 U.S.C. §1930 and the filing of post-confirmation reports, until a final decree is entered.

### Section 9.11  Filing of Additional Documents

On or before substantial consummation of the Plan, the Debtor shall file with the Bankruptcy Court any agreements or other documents, including the Plan Supplement, that may be necessary or appropriate to effectuate and further evidence the terms and conditions hereof.

### Section 9.12  Inconsistency

In the event of any inconsistency between the Plan and the Disclosure Statement, or any other instrument or document created or executed pursuant to the Plan, including the Plan Supplement, the terms of the Plan shall govern.  In the event of any inconsistency between the Plan and the Confirmation Order, the Confirmation Order shall govern.

## ARTICLE X
## DISCHARGE AND INJUNCTION

### Section 10.01    Continuation of Injunction or Stays Until Effective Date

All injunctions or stays provided for in the Bankruptcy Case under Sections 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the Effective Date.

4851-5260-9925v13

**Section 10.02    Post-Confirmation Date Injunction**

On the Confirmation Date, the Debtor will be discharged from any debt that arose before Confirmation Date of the Plan, subject to the occurrence of the Effective Date, to the full extent specified in section 1141(d)(1)(A) of the Bankruptcy Code, *provided, however*, that the Debtor will not be discharged of any debt (i) imposed by the Plan; (ii) of a kind specified in section 1141(d)(6)(A) of the Bankruptcy Code if a timely complaint is filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure; or (iii) of a kind specified in section 1141(d)(6)(B) of the Bankruptcy Code.

As of the Effective Date, all persons are hereby permanently enjoined from commencing or continuing, in any manner or in any place, any action or other proceeding, whether directly, indirectly, derivatively or otherwise against the Debtor or its estate, on account of, or respecting any Claims, debts, rights, Actions or liabilities discharged or treated pursuant to the Plan, except to the extent expressly permitted under the Plan.  Upon entry of the Confirmation Order, all holders of Claims and Equity Interests and other parties in interest, along with their respective present, future, or former employees, agents, officers, directors, assigns or principals, shall be enjoined from taking any actions to interfere with the implementation or consummation of the Plan.

**Section 10.03    Special Provision Regarding Actions Respecting Debtor's Property Rights**

Actions that were commenced in the pre-Petition Date period that include causes of action for declaratory relief or other relief affecting the Debtor's rights and interests in personal property, real property, water rights, or the use thereof, shall be governed by the terms of this Section as follows:

In all such Actions, any causes of action against the Debtor for monetary relief will be treated as General Unsecured Claims in accordance with the terms of this Plan, including without limitation with regard to treatment under Section 5.03, Allowance or Disallowance under Section Article VI, and discharge under Article X, and will be subject to the applicable Claims Bar Date under **Error! Reference source not found.**.  Confirmation of this Plan by entry of the Confirmation Order will constitute res judicata for all such claims for monetary relief.

4851-5260-9925v13

In all such Actions, any causes of action for declaratory relief or other relief affecting the Debtor's rights and interests in personal property, real property, water rights, or the use thereof may be continued in the applicable non-bankruptcy court of appropriate jurisdiction, and the Automatic Stay will terminate on the Effective Date in accordance with Section 10.01 hereof.

Respectfully submitted,

Dated this 12th day of June, 2019.

/s/ David Gray*

David Gray
Managing Member
Sugarloaf Holdings, LLC
*Debtor and Debtor in Possession*
*with permission

Dated this 12th day of June, 2019.

/s/ Brian M. Rothschild

Brian M. Rothschild
Grace S. Pusavat
Michael R. Brown
**PARSONS BEHLE & LATIMER**
*Attorneys for Sugarloaf Holdings, LLC*

17

## PROOF OF SERVICE

I hereby certify that on June 12, 2019, I caused a true and correct copy of **PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE OF SUGARLOAF HOLDINGS, LLC** to be served by electronic mail to:

- David P. Billings    dbillings@fabianvancott.com, jwinger@fabianvancott.com;mdewitt@fabianvancott.com
- Darwin H. Bingham    dbingham@scalleyreading.net, cat@scalleyreading.net
- P. Matthew Cox    bankruptcy_pmc@scmlaw.com
- Michael R. Johnson    mjohnson@rqn.com, docket@rqn.com;dburton@rqn.com
- John T. Morgan tr    john.t.morgan@usdoj.gov, James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Suzanne.Verhaal@usdoj.gov
- Gerald H. Suniville    gsuniville@fabianvancott.com, nnelson@fabianvancott.com
- United States Trustee    USTPRegion19.SK.ECF@usdoj.gov

/s/ Michael R. Brown
Michael R. Brown
PARSONS BEHLE & LATIMER
Attorneys for
Debtor Sugarloaf Holdings, LLC

4851-5260-9925v13